IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAURITZ E. GIBBS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-1153-M-BN |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 3. Plaintiff Lauritz E. Gibbs, who is proceeding *pro se*, has moved to remand the case to the 192nd District Court, Dallas County, Texas, from which it was removed. *See* Dkt. No. 17. The undersigned issues the following findings of fact, conclusions of law, and recommendation on Plaintiff's Motion to Remand [Dkt. No.17], which should be denied.

**Background**

Plaintiff filed his Original Petition in the 192nd Judicial District Court of Dallas County on March 24, 2014. *See* Dkt. No. 20-1 at 2 of 4. Defendants Ocwen Loan Servicing, LLC ("OLS") and Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2005-HE4 Mortgage Pass-Through Certificates, Series 2005-HEA ("Deutsche Bank") timely filed a Notice of Removal on April 1, 2014. *See* Dkt. No. 1.

Plaintiff filed his Motion to Remand on April 29, 2014, asserting that the Notice of Removal was invalid because additional defendants to the suit had been served but did not join in the Notice of Removal or file a consent to the removal as required under 28 U.S.C. § 1446(b). *See* Dkt. No. 17 at 4-7of 9.

On May 1, 2014, OLS, Deutsche Bank, Ocwen Financial Corporation, Goldman Sachs Mortgage Company, and GS Mortgage Securities Corp  – all defendants who were either not served or were served in this action between March 28, 2014 and April 1, 2014, *see* Dkt. No. 20-1 – filed an Amended and Supplemental Notice of Removal, *see* Dkt. No. 20. And JPMorgan Chase Bank, National Association, and JPMorgan Chase Bank, National Association as successor to Chase Home Finance, LLC, which was served on March 31, 2014, filed a Notice of Consent and Joinder in Removal on April 30, 2014. *See* Dkt. No. 18. There is no dispute that two defendants, Bayrock Mortgage Corporation and First American Title, have not been served and have not joined in the Amended and Supplemental Notice of Removal. *See* Dkt. No. 17 at 2 of 9; Dkt. No. 20-1; Dkt. No. 21 at 3; Dkt. No. 24 at 3. And Does 1 through 30 have not been named or served. *See* Dkt. No. 20-1.

On the deadline for replying in support of the Motion to Remand, *see* Dkt. No. 19, Plaintiff filed a Reply to Defendants' Amended and Supplemental Notice of Removal [Dkt. No. 24]. In his Reply, Plaintiff asserts that, notwithstanding the Amended and Supplemental Notice of Removal, this action should be remanded because 1) OLS and Deutsche Bank initially failed to join the remaining served

defendants in the original Notice of Removal and 2) OLS and Deutsche Bank had not been served at the time the Notice of Removal was filed.

## Legal Standards and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). OLS and Deutsche Bank removed this case under Section 1441(a) on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1.

The removal statute, 28 U.S.C. § 1441, is strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *See Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). A removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *See Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

Under 28 U.S.C. § 1446(b)(1), the removal of a case is timely if it is filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." Under Section 1446(b)(1), "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

And, when, as here, "a civil action is removed solely under [28 U.S.C. §] 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action" to federal court. 28 U.S.C. § 1446(b)(2)(A). And "there must be some timely filed written indication from each served defendant ... that it has actually consented to such action." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). The Section 1446(b)(2) requirement that all defendants join in removal is better known as the "unanimous consent" rule. *Doe v. Kerwood*, 969 F.2d 165, 167, 169 (5th Cir. 1992) (internal quotation marks omitted).

The United States Court of Appeals for the Fifth Circuit had followed the first-served defendant rule, under which defendants were required to join in removal within thirty days of the date on which the first defendant was served. *See Getty*, 841 F.2d at 1262-63. But, based on a 2011 amendment to 28 U.S.C. § 1446 adopting the last-served defendant rule, Section 1446(b) now states that each defendant has "30 days after receipt by or service on that defendant of the initial pleading or summons ... to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). And Section 1446(b)(2)(C) provides that, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." As a result, "'earlier-served defendants [may] join in removal by later-served defendants who remove within their own individual statutory thirty-day removal period'" established by 28 U.S.C. § 1446(b) – so long as the joinder or consent is accomplished within the later-served defendant's 30-day removal period. *Perez v. Bank*

*of Am., N.A.*, No. 13-cv-285, 2013 WL 5970405, at \*3 (W.D. Tex. Nov. 7, 2013) (quoting *Meeks v. Damillie*, No. 2:11-cv-253, 2013 WL 5464639, at \*1 (N.D. Miss. 2013)).

In this case, OLS filed a Notice of Removal on the same day that it was served (April 1, 2014), *see* Dkt. No.1; Dkt. No. 20-1, and that Notice of Removal was joined only by Deutsche Bank. OLS, joined by four other defendants, then filed an Amended and Supplemental Notice of Removal 30 days later, on May 1, 2014. *See* Dkt. No. 20. OLS's 30-day removal period was triggered by service on April 1, 2014, and the removal period ran through May 1, 2014. *See* 28 U.S.C. § 1446(b)(1); FED. R. CIV. P. 6(a)(1); *Murphy Bros.*, 526 U.S. at 347-48, 354.

"A removal petition may be amended freely within the thirty day period set forth in 1446(b)." *Alford v. Chevron U.S.A. Inc.*, No. 13-5457, 2014 WL 37600, at \*6 (E.D. La. Jan. 6, 2014) (internal quotation marks omitted); *accord Wilson v. Int'l Bus. Machs. Corp.*, No. 3:11-cv-944-G, 2011 WL 4572019, at \*2 (N.D. Tex. Oct. 3, 2011). OLS timely filed the Amended and Supplemental Notice of Removal on May 1, 2014 – within OLS's 30-day removal period – and the Amended and Supplemental Notice of Removal was joined by all properly served defendants who had not already joined in or consented to removal. *See* Dkt. Nos. 18 & 20.

Because all properly served defendants joined in or consented to removal within 30 days of service on the removing, last-served defendant (OLS), *see* Dkt. Nos. 18 & 20, the removal of this case was proper under Section 1446.

The undersigned further notes that the Fifth Circuit held in *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000), that an unserved defendant may remove the

case at any time. *See Perez*, 2013 WL 5970505, at *3. Any argument for remand based on Plaintiff's suggestion that OLS may have removed the action prior to its being served and on the fact that Deutsche Bank did remove the case prior to its being served is therefore of no consequence.

Plaintiff also suggests that OLS and Deutsche Bank were or should have been on notice of Plaintiff's petition prior to OLS's being served on April 1, 2014, and that other defendants who did not join in the original Notice of Removal on April 1, 2014 also were or should have been on notice of Plaintiff's petition prior to April 1 because they were represented by OLS and Deutsche Bank's counsel. Plaintiff implies that OLS's, Deutsche Bank's, and other defendants' 30-day removal periods began running prior to April 1, 2014 and that therefore the removal and other defendants' joinder in or consent to the removal may have been untimely.

This argument reflects a misunderstanding of the rules governing the removal period. The United States Supreme Court has already rejected Plaintiff's approach to reading 28 U.S.C. § 1446(b)(1)'s "receipt by the defendant, through service or otherwise" language. *See Murphy Bros.*, 526 U.S. at 347-48, 354 (holding that the 30-day removal period did not begin when defendant received faxed, file-stamped copy of complaint but had not yet been served); *accord America's Best Value Inn & Suites v. Allied Prop. & Cas. Ins. Co.*, No. 14-cv-90, 2014 WL 1345494, at *1-*2 (W.D. Tex. Apr. 3, 2014) ("A defendant's receipt of the initial pleading without service on the defendant cannot trigger the 30-day removal period. The Supreme Court interpreted the 'or otherwise' language of Title 28 Section 1446(b) to mean if the defendant has been

served without receiving a copy of the initial pleading, then receipt of the complaint 'through service or otherwise after and apart from service of the summons' triggers the 30-day deadline. Formal service of process brings a party under a court's authority. Without being brought under a court's authority, a party named as a defendant has no obligation to engage in litigation. Thus, mere receipt of a complaint unattended by formal service cannot start the 30-day removal deadline." (citations omitted)). OLS's 30-day removal period was not triggered until OLS was served on April 1, 2014, and, for that matter, no other defendant's 30-day removal period began to run prior to that defendant's being served. And, as explained above, although other defendants had been served earlier than April 1, 2013, *see* Dkt. No. 20 at 3; Dkt. No. 20-1, any other earlier-served defendant was permitted under 28 U.S.C. § 1446(b)(2)(C) to join in or consent to OLS's removal at any time during OLS's 30-day removal period, which ran through May 1, 2014.

## Recommendation

The Court should deny Plaintiff's Motion to Remand [Dkt. No. 17].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 27, 2014

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE