IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAURITZ E. GIBBS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-1153-M-BN |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Plaintiff Lauritz E. Gibbs ("Plaintiff") originally filed this lawsuit in the 192nd Judicial District Court of Dallas County, Texas on March 24, 2014. *See* Dkt. No. 1-1. Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2005-HE4 Mortgage Pass-Through Certificates, Series 2005-HE4 ("Deutsche Bank") removed the action to this Court on April 1, 2014. *See* Dkt. No. 1. In his Original Petition, Plaintiff appears to contend that he is the sole and proper owner of his Desoto, Texas home, that Defendants do not have a valid security interest in the residence through the Promissory Note and Deed of Trust, and that they therefore did not have authority to institute foreclosure

proceedings. *See* Dkt. No. 1-1 at 10-12.

Because Plaintiff did not object to the correctness of Defendants' characterization of his claims or otherwise elaborate on the meaning of his prolix complaint, the undersigned, too, construes Plaintiff's complaint to assert that: (1) his mortgage loan was improperly securitized and transfers of his mortgage loan violated the Pooling and Servicing Agreement ("PSA"); (2) various assignments of the loan were defective; (3) the loan is invalid because the Note and Deed of Trust were split; and (4) Defendants lack standing to foreclose because they are not the holder of the mortgage note and failed to perfect their security interest through proper recordation. *See* Dkt. 1-1. Plaintiff appears to allege causes of action for fraud and fraudulent misrepresentation, violation of the Real Estate Settlement Procedures Act ("RESPA"), and asserts claims to quiet title and for declaratory relief.

Defendant JPMorgan Chase Bank, NA, and JPMorgan Chase Bank, NA, as successor to Chase Home Finance, LLC, filed a motion to dismiss, arguing that Plaintiff fails to allege facts which, if true, state a plausible claim for relief, meriting dismissal under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 11 & 12. Defendants Ocwen Loan Servicing, LLC, Ocwen Financial Corporation, and Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2005-HE4 Mortgage Pass-Through Certificates, filed a separate Rule 12(b)(6) motion, which Defendants Goldman Sachs Mortgage Company and GS Mortgage Securities Corp. seek to adopt as if their own. *See* Dkt. Nos. 14 & 27. Plaintiff filed a combined response, *see* Dkt. No. 28, Defendants filed separate reply briefs, *see* Dkt. Nos. 34 & 35, and the motions to

dismiss are now ripe for consideration.

Plaintiff has not filed any proof of service on Defendants Bayrock Mortgage Corporation and First American Title, despite the Court's warning that his claims against any unserved defendant are subject to dismissal without prejudice if service is not made within 120 days of removal. *See* Dkt. No. 23.

Having considered the pleadings and the briefing, the undersigned recommends that Plaintiff's complaint should be dismissed with prejudice.

## Legal Standards

In deciding a Rule 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

3

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *See Katrina*, 495 F.3d at 205. Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Although the United States Court of Appeals for "the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

4

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

**Analysis**

Plaintiff's claims are based on multiple theories regarding Defendants' lack of authority to foreclose and sell his home. Plaintiff alleges numerous theories for Defendants' lack of authority, but many are duplicative. The theories can be separated into five categories: (1) the "split-the-note" theory; (2) the "show-me-the-note" theory; (3) the assignments were defective, making the security interests void; (4) the assignments violated the Pooling and Servicing Agreement governing the Trust; and (5) that the assignments were invalid because they were not properly recorded. Plaintiff appears to assert claims for fraud or fraudulent misrepresentation and violation of RESPA and seeks to quiet title and a declaratory judgment.

<u>The "Show-Me-the-Note" and "Split-the-Note" Theories</u>

Plaintiff's numerous claims based on the "show-me-the-note" and "split-the-note" theories are easily disposed of. The Fifth Circuit has definitively rejected both theories. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249 (5th Cir. 2013).

The "show-me-the-note" theory posits that, to foreclose, a party must produce

5

the original note bearing a "wet ink signature." *See id.* at 253. "Numerous federal district courts have addressed this question, and each has concluded that Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable without production of the original, signed note." *Id.* "The original, signed note need not be produced in order to foreclose." *Id.* at 254. Texas law does not "require the mortgage servicer to be the 'holder' of the Note [or] Deed of Trust or to produce the original loan documents." *Sawyer v. Mortgage Elec. Registration Sys., Inc.,* No. 3:09-cv-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010), *rec. adopted,* 2010 WL 996917 (N.D. Tex. Mar. 17, 2010); *see also Darocy v. Chase Home Fin., LLC,* No. 3:10-cv-1259-L, 2012 WL 840909, at *10 (N.D. Tex. Mar. 9, 2012) (explaining that the Texas statute "contemplates that someone other than the holder of the original [loan documents] may lawfully foreclose on the security interest").

The "split-the-note" theory posits that a transfer of a deed of trust without contemporaneous transfer of the note "splits" the note from the deed of trust, thus rendering both null. *See Martins,* 722 F.3d at 254. This theory requires a party to hold both the note and the deed of trust in order to foreclose. *See id.* The Fifth Circuit has already declined to rely on *Carpenter v. Longan,* 83 U.S. 271, 274 (1872), a case that Plaintiff cites here, because the Supreme Court in *Carpenter* was addressing Colorado territorial law and federal common law, neither of which control the undersigned's interpretation of federal law. *See Martins,* 722 F.3d at 254-55. Further, despite recognizing a "few" sources in Texas law that support the "split-the-note" theory, the Fifth Circuit noted that the "weight of Texas authority" suggests the opposite. *Id.* at

6

255. The Court of Appeals concluded:

> The "split-the-note" theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned. The party to foreclose need not possess the note itself. Here, the mortgage was assigned to MERS, and then by MERS to BAC – the assignment explicitly included the power to foreclose by the deed of trust. MERS and BAC did not need to possess the note to foreclose.

*Id.*; *see also Warren v. Bank of Am., N.A.,* No. 3:11-cv-3603-M, 2012 WL 3020075, at *4 (N.D. Tex. June 19, 2012), *rec. adopted,* 2013 WL 1131252 (N.D. Tex. Mar 19, 2013), *aff'd,* ___ F. App'x ___, 2014 WL 1778994 (5th Cir. May 6, 2014) (transfer of the note or deed of trust automatically transfers the other because they "must be read ... and construed together as a single instrument."); *Islamic Ass'n of DeSoto, Texas, Inc. v. Mortgage Elec. Registration Sys., Inc.,* No. 3:12-cv-613-D, 2012 WL 2196040, at *3 (N.D. Tex. June 15, 2012)("'[T]he transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions.'" (citation omitted)).

The undersigned concludes that Plaintiff's arguments that his mortgage was destroyed when it was packaged and sold as part of a collateralized mortgage-backed security, that there are flaws within the chain of title, and Plaintiff's similar allegations concerning the securitization of the mortgage are merely iterations of the "split-the-note" and "show-me-the note" theories that have been rejected in this circuit. *See Jones v. Deutsche Bank Nat'l Trust Co.*, No. 3:12-cv-3929-L, 2013 WL 3455716, at *7-*8 (N.D. Tex. July 9, 2013); *Marban v. PNC Mortg.*, No. 3:12-cv-3952-M, 2013 WL 3356285, at *10 (N.D. Tex. July 3, 2013) (finding as meritless the theory that any

securitization of the loan rendered the note and accompanying deed of trust unenforceable and discharged a borrower's obligations under them). Moreover, several courts that have considered these iterations of those theories have found them without merit or any legal basis, and this Court should do likewise here. *See Marban*, 2013 WL 3356285, at *10; *see also Wilson v. Bank of New York Mellon*, No. 3:12-cv-4636-M-BN, 2013 WL 5273328, at *5-*6 (N.D. Tex. Sept. 18, 2013).

Because the "split-the-note" and "show-me-the-note" theories have been rejected by the Fifth Circuit, Plaintiff's claims based upon these theories fail as a matter of law and should be dismissed with prejudice.

Validity of Assignments

Plaintiff appears to assert that the assignments in the chain of title are defective for various reasons, including that the assignments were not permitted under the Deed of Trust, violated the PSA, and were not recorded. The undersigned concludes that these contentions are without merit and that Plaintiff's claims based on these allegations should be dismissed with prejudice.

Here, the Security Instrument, which was attached to Plaintiff's Original Petition, named Bayrock Mortgage Corporation as the lender, entitled to receive payments under the Note and beneficiary of the Security Instrument, making it the original mortgagee. *See* TEX. PROP. CODE § 51.0001(4)(A); Dkt. No. 1-1 at 34. As lender, Bayrock held legal title to the property at issue, had the right to foreclose and sell the property upon default, and was permitted to sell all or part of the Note and Security Instrument and change loan servicers. *See* Dkt. No. 1-1 at 46 & 49-50.

Plaintiff's contention that the transfers violated the PSA and New York trust law are similarly unavailing. Plaintiff appears to allege that the assignment of the Deed of Trust was invalid because, under the terms of the PSA, the assignment was required to be made within 90 days of the Trust's closing date. *See id.* at 20-23. Although Plaintiff fails to cite specific language from the PSA, the Court need not determine whether Plaintiff is factually correct, because, even if he is, claims based on this ground fail.

The Fifth Circuit addressed this very issue – whether an assignment is rendered void if it violated a PSA – in a decision published last year. The Court of Appeals held that such an assignment was not rendered void under Texas law and instead merely entitled mortgagors, if they were third-party beneficiaries, to sue for breach of the PSA. *See Reinagel v. Deutsche Bank Nat'l Trust Co.,* 735 F.3d 220, 228 (5th Cir. 2013); *see also Covey v. Ocwen Loan Servicing, Inc.,* ___ F. App'x ___, 2014 WL 2925152, at *2 (5th Cir. June 30, 2014) ("Covey has not alleged that he is a third-party beneficiary to the PSA and therefore cannot challenge the validity of the assignment on that basis; it is up to the purportedly defrauded assignor, here Home 123 Corporation, to do so."). Plaintiff has not alleged that he is a third-party beneficiary under the PSA, and, in any case, even if he was, Plaintiff could not sue for breach of the Note or Deed of Trust under this theory but, rather, only for breach of the PSA.

Despite Plaintiff's contention that the transfers violated New York trust law, *see* Dkt. No. 1-1 at 22-23, the Fifth Circuit has made clear that courts need not examine New York trust law to determine whether mortgagors have standing to challenge the

assignment of their mortgage to a mortgage pool trust, *see Reinagel*, 735 F.2d at 228; *see also Jones*, 2013 WL 3455716, at *6.

Accordingly, Plaintiff's claim for breach of the Note or Deed of Trust based on alleged violations of the PSA and New York trust law fail as a matter of law and should be dismissed with prejudice.

To the extent that Plaintiff seeks to state a claim for relief due to Defendants' alleged failure to record the assignment of the Deed of Trust, such a claim likewise must fail. Texas is a permissive recording state, and "Texas courts have consistently held that recordation is not necessary for liens, deeds, or deeds of trust to be enforceable against the parties to those instruments." *Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 755 (N.D. Tex. 2013) (citation omitted); *see also Herrera v. Wells Fargo Bank, N.A.,* No. H-13-68, 2013 WL 961511, at *9 (S.D. Tex. Mar. 12, 2013) ("The failure to ... record the assignment of the deed of trust when it was executed, and the foreclosure before the assignment was recorded, do not as a matter of law give rise to a[ ] claim."). Defendants were not obligated to record any transfers of the Deed of Trust or Note, and the alleged failure to record any such transfers cannot support a claim.

Fraud and Fraudulent Misrepresentation

Plaintiff appears to contend that Defendants conduct in recording the assignments of the Deed of Trust and acceptance of mortgage payments after the Note and Deed were purportedly extinguished constitutes fraud or fraudulent misrepresentation. *See* Dkt. 1-1 at 27-29. Under Texas law, the elements of fraud are: (1) that a material representation was made; (2) the representation was false; (3) when

10

the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *See In re FirstMerit Bank, N.A.,* 52 S.W.3d 749, 758 (Tex. 2001).

Defendants argue that Plaintiff's pleading lacks the specificity required by Federal Rule of Civil Procedure 9(b) because it alleges no facts in support of any fraud claim. *See* Dkt. No. 14 at 15. Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake," FED. R. CIV. P. 9(b), and Texas state law fraud claims are subject to this requirement, *see Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 550-51 (5th Cir. 2010). "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Id.* at 551 (quoting *ABC Arbitrage v. Tchuruk,* 291 F.3d 336, 350 (5th Cir. 2002)). Here, Plaintiff does not supply any supportive facts to explain the representation made, when it was made, or that he acted in reasonable reliance on any such misrepresentation. His fraud claims are therefore insufficient under Rule 9(b) and, for that matter, Rule 8(a) as interpreted by *Iqbal* and *Twombly*. *See Iqbal*, 556 U.S. at 678, 681.

Although a party is generally permitted leave to amend a claim dismissed due to a pleading deficiency, dismissal with prejudice is appropriate. Plaintiff's underlying allegations supporting his fraud and fraudulent misrepresentation claims are entirely premised on his meritless "show me the note" and "split the note" theories. Accordingly,

the fraud claims would be meritless even if plead with more specificity and should therefore be dismissed with prejudice. *See Jacquez v. Procunier,* 801 F.2d 789, 791 (5th Cir. 1986) (leave to allow a *pro se* plaintiff to amend is not required where "even the most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability" and it is clear that the plaintiff has already pleaded his "best case"); *see also Brown v. Texas A & M Univ.,* 804 F.2d 327, 334 (5th Cir. 1986) (leave to amend is unnecessary where a plaintiff's alleged fact could not, as a matter of law, support the alleged claim, "[e]ven with every possible fact and inference resolved in favor of the plaintiff").

<u>RESPA</u>

Plaintiff appears to contend that Defendants failed to disclose the terms of the transaction between Bayrock and Goldman Sachs by which his Note was transferred and thereby violated RESPA. *See* Dkt. No. 1-1 at 28. RESPA requires notice of assignment of loan servicing duties from one entity to another. *See* 12 U.S.C. § 2605(b). But Plaintiff does not contend that the loan servicing duties were assigned from one entity to another without notice; instead, he claims that Defendants failed to provide notice of the sale of the Note itself. *See* Dkt. No. 1-1 at 28. That is, ownership of Plaintiff's loan, not the loan servicing, was assigned to Goldman Sachs. Accordingly, Plaintiff fails to state a claim for relief under RESPA. *See O'Dea v. Wells Fargo Home Mortg.,* No. H-10-4755, 2013 WL 441461, at *8 (S.D. Tex. Feb. 5, 2013).

In any case, "a plaintiff must allege actual damages resulting from a violation of § 2605." *Bittinger v. Wells Fargo Bank NA,* 744 F. Supp. 2d 619, 627 (S.D. Tex. 2010)

(citing 12 U.S.C. § 2605(f)(1)(A)); *see also Hurd v. BAC Home Loans Servicing, LP,* 880 F. Supp. 2d 747, 768-69 (N.D. Tex. 2012). Plaintiff cannot identify any pecuniary losses as a result of the purported RESPA violation. Plaintiff does not contend that he made any payments to any other entity or otherwise missed payments due to any confusion as to the entity to which he was to make the loan payments. The only injury asserted by Plaintiff in connection with this RESPA claim is that the servicers "have collected approximately $144,000.00 in mortgage payments from the Plaintiff despite the fact that the Note in question is presumed to be owned by GSAMP Trust 2005-HE4 Mortgage Pass-Through Certificates Series 2005-HE4." Dkt No. 1-1 at 28. That is, Plaintiff suggests only that he suffered damages because he provided his mortgage payments to the wrong party. Plaintiff cannot show that any alleged lack of notice caused him any damages.

Because the undersigned concludes that Plaintiff's RESPA claim is not legally viable and no amount of artful or creative pleading of facts will permit Plaintiff to state a claim upon which relief can be granted, Plaintiff's RESPA claim should be dismissed with prejudice.

<u>Suit to Quiet Title</u>

In a suit to quiet title, a plaintiff must establish "right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Hahn v. Love,* 321 S.W.3d 517, 531 (Tex. App. – Houston [1st Dist.] 2009, pet. denied). In Texas, the elements of the cause of action to quiet title are: "(1) an interest

in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-cv-3014-D, 2012 WL 2399369, at *7 (N.D. Tex. June 26, 2012) (citing *U.S. Nat'l Bank Ass'n v. Johnson*, No. 1-10-00837-cv, 2011 WL 6938507, at *3 (Tex. App. – Houston [1st Dist.] Dec. 30, 2011, no pet.)). A plaintiff has the burden ultimately of establishing his "superior equity and right to relief," *Hahn*, 321 S.W.3d at 531, and must rely on the strength of his or her own title, not the weaknesses of the defendant's title, *See Rivera v. CitiMortgage, Inc.*, No. 3:12-cv-3404-D, 2013 WL 1294009, at *2 (N.D. Tex. Apr. 1, 2013).

Plaintiff does not allege facts that, if proved, would establish his superior title – despite his unexplained references to "sole Allodial Title" – nor does he allege that he is current on the mortgage payments. Instead, he challenges Defendants' title by arguing that Defendants lack authority to enforce the Deed of Trust and to foreclose on the property based on the split-the-note and show-me-the-note theories and the incorrect assertion that Bayrock did not have authority to assign the Deed of Trust.

Therefore, Plaintiff's quiet title claim fails as a matter of law and should be dismissed with prejudice. *See Jones,* 2013 WL 3455716, at *9-*10 (dismissing claim for suit to quiet title based on similar allegations); *Summers v. PennyMac Corp.*, No. 3:12-cv-1235-L, 2012 WL 5944943, at *3 (N.D. Tex. Nov. 28, 2012).

If Plaintiff is seeking to sue for wrongful foreclosure, Plaintiff has failed to allege that a foreclosure sale actually occurred and therefore cannot state a claim for wrongful foreclosure. *See Johnson v. Wells Fargo Bank, NA*, No. 3:13-cv-1793-M, ___

14

F. Supp. 2d ___, 2014 WL 717191, at *9 (N.D. Tex. Feb. 24, 2014). And, if Plaintiff is attempting to sue for attempted wrongful foreclosure, that claim also fails because Texas does not recognize a claim for attempted wrongful foreclosure. *See Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 454 (E.D. Tex. 2011).

Because the undersigned concludes that Plaintiff's claims are not legally viable and no amount of artful or creative pleading of facts will permit Plaintiff to state a claim on which relief can be granted, the undersigned recommends that Plaintiff's suit to quiet title or his wrongful foreclosure claim should be dismissed with prejudice.

Declaratory Judgment

Plaintiff seeks a declaratory judgment; however, his underlying claims are devoid of any merit. A declaratory judgment are forms of relief based on underlying claims. *See Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods (HAVEN)*, 915 F.2d 167, 170-71 (5th Cir. 1990). Because the undersigned concludes that none of Plaintiff's claims can withstand dismissal at this time, Plaintiff's request for declaratory relief cannot survive and should be dismissed with prejudice.

Claims against the Non-Moving Defendants

The Fifth Circuit has recognized that, when one defending party establishes that the plaintiff has no cause of action, this defense generally inures also to the benefit of other similarly situated defendants. *See Lewis v. Lynn,* 236 F.3d 766, 768 (5th Cir. 2001). In this case, the moving defendants have established that Plaintiff has failed to allege a factual basis for each cause of action. Therefore, the dismissal of Plaintiff's

15

causes of action applies equally to the causes of action against non-moving, similarly situated defendants, including the apparently unserved Defendants Bayrock Mortgage Corporation and First American Title.

### Recommendation

Defendant JPMorgan Chase Bank, National Association's Motion to Dismiss [Dkt. No. 11]; the Motion to Dismiss filed by Defendants Ocwen Loan Servicing, LLC, Ocwen Financial Corporation, and Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2005-HE4 Mortgage Pass-Through Certificates, Series 2005-HE4 [Dkt. No. 14]; and the motion filed by Defendants Goldman Sachs Mortgage Company and GS Mortgage Securities Corp. for Adoption and Joinder [Dkt. No. 27] should be GRANTED. Plaintiff's complaint should be dismissed with prejudice in its entirety as to all served and unserved defendants.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 7, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE